1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9

10  THE UNION CENTRAL LIFE          )
    INSURANCE COMPANY,              )
11                                  )      2:05-cv-2162-GEB-GGH
                        Plaintiff,  )
12                                  )      ORDER TO SHOW CAUSE
         v.                         )      AND CONTINUING STATUS
13                                  )      (PRETRIAL SCHEDULING)
    CHRISTINA GOODMAN and RENEE     )      CONFERENCE
14  M. ENRIQUEZ,                    )
                                    )
15                      Defendants. )
                                    )
16  ─────────────────────────────────

17           The Order filed in this action on December 27, 2005,

18  scheduled this case for a status (pretrial scheduling) conference on

19  March 20, 2006.  That Order required the parties to file a joint

20  status report no later than fourteen days prior to the scheduling

21  conference.  The Order further required that a status report be filed

22  regardless of whether a joint report could be procured.[1]  Defendants

23

24       [1]    As the Order states:

25              The failure of one or more of the parties to
                participate in the preparation of the Joint
26              Status Report does not excuse the other
                parties from their obligation to timely file
27              a status report in accordance with this
                Order.  In the event a party fails to
28                                                    (continued...)

1

1  filed an individual status report on March 6, 2006, but did not

2  include a declaration explaining why they were unable to obtain

3  Plaintiff's participation.  Plaintiff has not yet filed a status

4  report.

5        The Status Conference is reset to April 17, 2006, at

6  9:00 a.m.  In accordance with the requirements set forth in the

7  December 27 Order, the parties shall file a joint status report no

8  later than April 3, 2006.  Further, the parties are hereby ordered to

9  show cause (OSC) in writing by 4:00 p.m. on April 3, 2006, why

10  sanctions should not be imposed under Rule 16(f) of the Federal Rules

11  of Civil Procedure against Plaintiff for its failure to file a timely

12  status report, as ordered, and against Defendants, for failure to file

13  a "declaration explaining why it was unable to obtain the cooperation

14  of the other party or parties," as ordered.  The written responses

15  shall indicate whether the parties or their counsel were at fault and

16  whether a hearing is requested on the OSC.[2]  If a hearing is

17  /////

18  /////

19  /////

20  /////

21

22        [1](...continued)
              participate as ordered, the party timely
23            submitting the status report shall include a
              declaration explaining why it was unable to
24            obtain the cooperation of the other party or
              parties.

25  Order filed December 27, 2005, at 2 n. 1.

26
        [2]     "If the fault lies with the attorney, that is where the
27  impact of sanction should be lodged.  If the fault lies with the
    clients, that is where the impact of the sanction should be
28  lodged."  Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th
    Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the
    faults of attorneys, and their consequences, are visited upon
    clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

1 | requested, it will be held on April 17, 2006, at 9:00 a.m., just prior

2 | to the status conference.

3 |      IT IS SO ORDERED.

4 | Dated:   March 14, 2006

5 |

6 |          /s/ Garland E. Burrell, Jr.
         GARLAND E. BURRELL, JR.
         United States District Judge

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |